UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Larry Louis Hunter,

               Petitioner,    Case No. 13-cv-15212
                                     Hon. Judith E. Levy
v.                                      Mag. Judge Charles E. Binder

David Bergh,

               Respondent.

_____/


**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Before the Court is Larry Louis Hunter's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Thumb Correctional Facility in Lapeer, Michigan. He challenges his convictions of first-degree murder, Mich. Comp. Laws § 750.316, possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f. Petitioner argues that his Sixth Amendment right to a public trial was denied because his sister was excluded from

1

the courtroom during voir dire, and alternatively that his Sixth Amendment right to effective assistance of counsel was violated because his trial counsel failed to object to the exclusion of Petitioner's sister from the courtroom during voir dire. For the following reasons, the Court denies this Petition.

I. **Background**

The relevant facts relied upon by the Michigan Court of Appeals, which this Court must presume are correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1), are set forth below:

> Defendant was charged with first-degree murder, possession of a firearm during the commission of a felony, and being a felon in possession of a firearm in connection with the shooting death of Jamar Gardner. On the first day of trial, prior to voir dire, defense counsel asked the trial court if it would be a problem if defendant's sister sat in the courtroom during voir dire. The trial court responded that she could not, stating that "we're going to need that room." Defendant's sister then left the courtroom until the conclusion of voir dire. Defendant was subsequently found guilty of all charges and was sentenced to life without parole.
>
> Following his conviction, defendant appealed and filed a motion to remand to the trial court so that an evidentiary record could be made concerning the circumstances

surrounding his sister's exclusion from the courtroom. This Court granted the motion to remand and, following an evidentiary hearing, the trial court found that defendant's right to a public trial was not violated by the exclusion of his sister from the courtroom during voir dire, and that defendant's trial counsel was not ineffective for failing to object to her exclusion.

*People v. Hunter*, No. 300689, 2012 Mich. App. LEXIS 1405, at *1-2 (Mich. Ct. App. July 24, 2012).

At trial, the judge granted a request from the prosecution that three interns be allowed to watch jury selection and responded to trial counsel's inquiry regarding whether it would "be a problem if my client's sister is sitting in here during jury selection" by saying there would not be room, but that she could "certainly come in when there's a break or something." (Dkt. 7-5 at 6.)[1] At the evidentiary hearing on

---

[1] [PROSECUTOR]: . . . . Judge, just to let the Court know, there's three interns that want to watch the jury selection process if that's okay with the Court. It'll just--
   THE COURT: Yeah.
   [PROSECUTOR]: --more than--
   THE COURT: Be seated in front of the bar just because the balance is going to be taken up by jurors. That would be fine.
   [PROSECUTOR]: Thank you, your Honor.
   THE COURT: Sure.
   [DEFENSE COUNSEL]: Is that--is that going to be a problem if my client's sister is sitting in here during the jury selection?

3

remand, Petitioner's trial counsel testified that Petitioner had asked if there was "going to be enough room for [his] family" to remain in the courtroom during voir dire. (Dkt. 7-10 at 11.) When asked if there was any reason why he did not raise a Sixth Amendment objection, trial counsel responded "Well, no. . . . [O]nce the Judge ruled, I figured that was -- that was going to be his final ruling." (Dkt. 7-10 at 11-12.)

The trial court denied Petitioner's motion for a new trial, finding that there was no ineffective assistance of counsel because there had been no showing of prejudice, and that the courtroom had not been "formally closed." (*See* Dkt. 7-10 at 36) ("Now, obviously keeping people out of the courtroom during jury selection could be interpreted as closed, but I don't think I've ever used the word on the record."). The Michigan Court of Appeals affirmed the trial court, and the Michigan Supreme Court denied Petitioner's application for leave to appeal. (Dkt. 7-11, 7-12.)

---

THE COURT: Yeah, because we're going to need the room unfortunately. She can certainly come in when there's a break or something.

## II.     Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a federal court can order habeas relief only if the state's adjudication of a claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d). In applying these standards, this Court is to examine the holdings of the Supreme Court as they existed at "the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  The Court can, however, look to decisions of other courts to determine whether a legal principle has been clearly established by the Supreme Court.  *Hall v. Vasbinder*, 563 F.3d 222, 232 (6th Cir. 2009); *Smith v. Stegall*, 385 F.3d 993, 998 (6th Cir. 2004).

## III. Analysis

Petitioner argues that his habeas petition should be granted because (a) his Sixth Amendment right to a public trial was violated when his sister was excluded from the courtroom during jury voir dire, and alternatively (b) his Sixth Amendment right to effective assistance of counsel was violated when trial counsel failed to timely object to the exclusion.

### a. Petitioner's Sixth Amendment right to a public trial was violated, but trial counsel failed to raise a timely objection as required under Michigan law.

Petitioner's Sixth Amendment right to a public trial was violated. *See Presley v. Georgia*, 558 U.S. 209, 214-15 (2010) ("The public has a right to be present whether or not any party has asserted the right. . . . Trial courts are obligated to take every reasonable measure to accommodate public attendance at criminal trials."). The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a . . . public trial." U.S. CONST. amend. VI. "The central aim of a criminal proceeding must be to try the accused fairly," and the right to a public trial is "one created for the benefit of the defendant." *Waller v. Georgia,* 467 U.S. 39, 46 (1984) (quoting *Gannett*

6

*Co. v. DePasquale*, 443 U.S. 368, 380 (1979)). "In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury." *Id.* at 46. "Because of the great, though intangible, societal loss that flows from closing courthouse doors, the denial of a right to a public trial is considered a structural error," see *Johnson v. Sherry*, 586 F.3d 439, 443 (6th Cir. 2009) (internal quotations omitted), which requires "automatic reversal" on direct review, "despite the effect of the error on the trial's outcome." *See United States v. Stewart*, 306 F.3d 295, 321 (6th Cir. 2002). Were this case on direct review, the outcome might be different. But before the Court is Petitioner's collateral attack on a state court judgment. The Court's review is therefore strictly limited.

Under the doctrine of procedural default, "[f]ederal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence . . . . will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if,

7

among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Id.*; *see also Tillman v. Bergh*, No. 06-CV-11555, 2008 U.S. Dist. LEXIS 109968, at *40-41 n.4 (E.D. Mich. July 2, 2008) (noting that while Michigan courts had once been inconsistent in applying procedural default rules in cases raising constitutional issues, *People v. Carines*, 597 N.W.2d 130 (Mich. 1999), ended this practice and established a forfeiture rule applicable equally to constitutional and nonconsitutional claims).

Defense counsel failed to make a timely objection under Michigan law to the exclusion of Petitioner's sister from the courtroom during jury voir dire. Even though denial of the right to a public trial is a structural error, "such errors are nevertheless subject to the general rules of waiver, forfeiture, and default." *Durr v. McLaren*, No. 12-CV-14691, 2015 U.S. Dist. LEXIS 25790, at *8-9 (E.D. Mich. Mar. 4, 2015) (citing *Johnson v. United States*, 520 U.S. 461, 466 (1997) (structural errors that are waived or forfeited are subject to plain error review on direct review under Fed. R. Crim. P. 52(b))). The result is no different on a claim brought under the Sixth Amendment right to a public trial.

8

*See id.* at *10 ("The Sixth Circuit in *Johnson v. Sherry* . . . essentially acknowledged that the Petitioner's right to a public trial had been waived by counsel's failure to object to the closure of the courtroom.").

According to the Michigan Court of Appeals, the "mere request for the presence of family during voir dire is not a legal objection to their exclusion" under Michigan procedural law. *People v. Hunter*, No. 300689, 2012 Mich. App. LEXIS 1405, at *4 (Mich. Ct. App. July 24, 2012); *see People v. Orlewicz*, 809 N.W.2d 194, 207 (Mich. 2011) ("The record does not show that there was a basis for excluding defendant's family or others from the courtroom during the jury voir dire. However, the request for the presence of family was not a legal objection to their exclusion."). And while a "defendant's failure to object to the closing of the courtroom does not extinguish a trial court's error" under Michigan law, "it does forfeit the claim of error and subject it to plain error analysis." *People v. Hunter*, 2012 Mich. App. LEXIS 1405, at *3 (citing *People v. Vaughn*, No. 142627, slip op. at 19-20 (Mich. July 9, 2012)). Under plain error review in Michigan, a defendant must show that "(1) the error occurred, (2) the error was 'plain,' (3) that the error affected substantial rights, and (4) that the error either resulted in the

9

conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* at *4 (citing *People v. Carines*, 597 N.W.2d 130, 138 (Mich. 1999)).

The Michigan Court of Appeals found that the first three prongs of the test could be met here, but that "the record fails to establish that the fourth and final prong of the . . . test has been met." *Id.* at *4-5. According to the court, there "is no evidence to suggest that defendant is actually innocent." *Id.* at *5. And "while the temporary exclusion of defendant's sister from the courtroom during voir dire may have affected the fairness, integrity, or public reputation of the judicial proceedings, there is nothing to suggest that her exclusion *seriously* affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* The court thus declined to excuse Petitioner's procedural default. *Id.* at *6. This Court is bound by that decision. *See, e.g.*, *Jones v. Bell*, No. 14-1014, 2015 U.S. App. LEXIS 14356, at *7 (6th Cir. 2015) (procedural default under state law "typically removes our jurisdiction to hear the case"); *Tillman v. Bergh*, 2008 U.S. Dist. LEXIS 109968, at *35-36 (finding that Michigan appeals court clearly

10

and expressly relied on state's contemporaneous objection rule in denying habeas petition based on violation of public trial right).

When state courts "clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless Petitioner can demonstrate 'cause' for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a 'fundamental miscarriage of justice.'" *Durr v. McLaren*, 2015 U.S. Dist. LEXIS 25790, at \*11-12 (quoting *Coleman v. Thomason*, 501 U.S. 722, 750-51 (1991)). Petitioner argues that even if he procedurally defaulted, the default is excused for cause due to ineffective assistance of counsel. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("Ineffective assistance of counsel . . . is cause for a procedural default."). And Petitioner argues that prejudice is presumed when a structural right—such as the right to a public trial—is violated. It is unclear whether this Court should look to the public trial claim or the ineffective assistance of counsel claim to evaluate whether there was actual prejudice. *See Jones v. Bell*, No. 14-1014, slip op. at 8 (6th Cir. Aug. 13, 2015) ("Habeas Petitioners must additionally show 'actual prejudice' to excuse their default—even if the *error that served as the*

11

*'cause'* is a structural one that would require a new trial.") (citing *Ambrose v. Booker*, 684 F.3d 638, 649 (6th Cir. 2012)) (emphasis added). In any case, "[g]iven the Supreme Court's express language, and the procedural default rule's roots in comity and federalism, a Petitioner must show that he was actually prejudiced regardless of the nature of the underlying constitutional claim." *Ambrose v. Booker*, 684 F.3d at 650-51. Because both cause *and* prejudice must be shown to excuse procedural default, the Court need not reach whether trial counsel's performance constitutes cause. Petitioner argues that actual prejudice should be presumed but has not established actual prejudice. For this reason, the Petition cannot be granted on this ground. *See id.*

### b. Petitioner's claim of ineffective assistance of counsel fails because Petitioner fails to show prejudice.

Similar to Petitioner's failure to show actual prejudice to excuse the procedural default of his public trial claim, Petitioner fails to show prejudice in his ineffective assistance of counsel claim, and thus cannot establish ineffective assistance of counsel on habeas review. *See Hall v. Vasbinder*, 563 F.3d 222, 237 (6th Cir. 2009) ("The prejudice analysis for the procedural default and the prejudice analysis for the ineffective

12

assistance of counsel argument are sufficiently similar to treat as the same in this context."). Petitioner's burden is higher in his standalone ineffective assistance of counsel claim. *See id.* at 236-37 (6th Cir. 2009) (noting that "a free-standing claim of ineffective assistance of counsel. . . . must meet the higher AEDPA standard of review," while an argument that ineffective assistance of counsel should excuse a procedural default "need not").

To establish a constitutional violation due to ineffective assistance of counsel, a defendant must show that "counsel's performance was deficient," and that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694. And to establish prejudice in this case, Petitioner was required to establish to the Michigan Court of Appeals, which rejected the ineffective assistance of counsel claim on the merits, that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *See id.* at 695.

13

The Michigan Court of Appeals found that Petitioner "failed to give any explanation of how he was prejudiced by trial counsel's failure to object to the exclusion of [Petitioner's] sister from the courtroom during voir dire," and that "given the facts of this case, it would be implausible to suggest that the result of [Petitioner's] trial would have been different had [his] sister been allowed to sit in the courtroom during voir dire." *People v. Hunter*, No. 300689, 2012 Mich. App. LEXIS 1405, at *7-8 (Mich. Ct. App. July 24, 2012). Under AEDPA, Petitioner "must do more than show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Petitioner relies on language in *Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009), to argue that prejudice should be presumed based on the violation of his right to a public trial. But the Sixth Circuit has already rejected that notion. *See Ambrose v. Booker*, 684 F.3d 638, 651 (6th Cir. 2012) (rejecting language regarding presumption of prejudice

14

in *Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009), in holding that the "conditional nature of [the] language . . . is not sufficient to overcome our reading of the clear import of Supreme Court and Sixth Circuit precedent"). Because Petitioner does not attempt to establish that the outcome of his trial might have been different had trial counsel properly raised a Sixth Amendment objection based on the exclusion of Petitioner's sister from jury voir dire, habeas cannot be granted on this ground. The Court need not reach whether trial counsel's failure to raise the objection was constitutionally deficient.

## IV. Conclusion

For the reasons set forth in this Opinion, the Court denies the Petition for Writ of Habeas Corpus. The Court also denies a certificate of appealability and grants leave to proceed *in forma pauperis*.

In order to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merit," but "does not require a showing that the appeal will succeed." *Miller-El v. Cockrell,* 537 U.S. 322, 337 (2003). Petitioner fails to make a substantial showing of the denial of a federal constitutional right. Reasonable jurists would not find the Court's assessment of Petitioner's constitutional claims debatable or wrong, because Petitioner did not make a showing of actual prejudice as required under precedent that binds this Court. Thus the certificate of appealability is denied.

A court may grant *in forma pauperis* status if the court finds that an appeal would be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) ("The standard for issuing a certificate of appealability has a higher threshold than the standard for granting *in forma pauperis* status, which requires showing that the appeal is not frivolous.") (citing *United States v. Youngblood,* 116 F.3d 1113, 1115 (5th Cir. 1997)). While reasonable

16

jurists could not debate the Court's resolution of Petitioner's claims, the issues are not frivolous. "'Good faith' merely requires showing that the issues are arguable on the merits; it does not require a showing of probable success." *Id.* at 765. Because an appeal could be taken in good faith, Petitioner may proceed *in forma pauperis* if he wishes to appeal this decision. *Id.*

## V. Order

Accordingly, the Petition for Writ of Habeas Corpus is denied with prejudice, a certificate of appealability is denied, and leave to appeal *in forma pauperis* is granted.

IT IS SO ORDERED.

Dated: September 1, 2015  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 1, 2015.

17

                                                                s/Felicia M. Moses
                                                                FELICIA M. MOSES
                                                                Case Manager